## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE HARTZ MOUNTAIN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VCODE HOLDINGS, INC., VDATA LLC, ACACIA TECHNOLOGIES GROUP, TECHSEARCH, LLC, and VERITEC INC.,<br><br>Defendants. | CIVIL ACTION NO.<br><br>06- 0396(JAP) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, The Hartz Mountain Corporation (hereinafter "Plaintiff" or "Hartz"),

by and through its undersigned attorneys, for its Declaratory Judgment Complaint

against Defendants, VCode Holdings, Inc. ("VCode"), VData LLC ("VData"),

Acacia Technologies Group ("Acacia"), Techsearch, LLC ("Techsearch") and

Veritec Inc. ("Veritec") (collectively "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      This is an action for a declaratory judgment arising under the patent

laws of the United States, 35 U.S.C. § 101 et. seq., for a declaration that U.S.

Patent Nos. 5,612,524, issued on March 18, 1997 ("the '524 Patent"), entitled

"Identification Symbol System and Method with Orientation Mechanism," and

4,924,078, issued on May 8, 1990 ("the '078 Patent"), entitled "Identification

Symbol System and Method," (collectively "the Asserted Patents") are not

infringed by Plaintiff, are invalid and are unenforceable.

#993670 v1                              -1-

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 with respect to the claims arising under the Patent Act, 35 U.S.C. §101 et. seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq.

3.      There is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court also has subject matter jurisdiction over this action under 28 U.S.C. §1332(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391and §1400 because a substantial part of the events giving rise to the claims occurred in this district, and Defendants are subject to personal jurisdiction in this judicial district and Defendants may be found in this judicial district.

5.      Upon information and belief there is personal jurisdiction over each Defendant since each Defendant is doing business within this State and judicial district, transacts business within this State and judicial district, derives substantial revenue from intra-state and inter-state commerce and are otherwise within the jurisdiction of this Court.

6.      Upon information and belief, there is personal jurisdiction over each Defendant by reason of the assertions made on behalf of Defendants by Defendant Acacia against Plaintiff Hartz in this District, namely, that Hartz's activities infringe at least one of the Asserted Patents.  In particular, in a letter sent from Acacia dated January 4, 2006 sent to Hartz at its place of business in

this District, Acacia alleges that it owns VData, LLC, which controls the rights to the '524 patent and that Hartz infringes the '524 Patent.

7.    In view of the foregoing allegation that Hartz is infringing the patent rights of Defendants; Hartz's intention at the present time to continue to conduct its business and activities which are now being asserted to infringe at least one of the Asserted Patents; and Hartz's allegations that the Asserted Patents are not being infringed, invalid and unenforceable, there has been and now is an actual controversy between Plaintiff and Defendants regarding the non-infringement, invalidity and unenforceability of the Asserted Patents as against Plaintiff.

8.    The '524 patent is subject to a terminal disclaimer requiring that its ownership not be separated from that of the '078 patent.  The two patents  derive from the same patent application and have overlapping claims.  Accordingly there is a controversy regarding the non-infringement,  invalidity and unenforceability of both Asserted Patents as against Plaintiff.

## THE PARTIES

9.    Plaintiff Hartz is a corporation organized and existing under the laws of the State of New Jersey located and doing business at 400 Plaza Drive, Secaucus, New Jersey 07094.

10.    Upon information and belief, Defendant VCode is a Minnesota corporation with its principal place of business at 2445 Winnetka Avenue, N. Golden Valley, Minnesota 55427.

11.     Upon information and belief, Defendant VData is an Illinois limited liability company with a place of business at 500 Newport Center Drive, Newport Beach, California 92660.

12.     Upon information and belief, VCode and VData were assigned and currently own together all right, title and interest in the '524 Patent.

13.     Upon information and belief, VCode and VData were assigned and currently own together all right, title and interest in the '078 Patent.

14.     Upon information and belief, Defendant Acacia is company with a place of business at 500 Newport Center Drive, Newport Beach, California 92660.

15.     Upon information and belief, Acacia is a publicly traded patent licensing and enforcement company.

16.     Upon information and belief, Acacia owns and controls the actions of VCode with respect to the enforcement and licensing of the Asserted Patents.

17.     Upon information and belief, Acacia owns and controls the actions of VData with respect to the enforcement and licensing the Asserted Patents.

18.     Upon information and belief, Veritec is a company with a place of business at 2445 Winnetka Avenue, N. Golden Valley, Minnesota 55427, and owns VCode as a wholly owned subsidiary.

19.     Upon information and belief, Techsearch is a company with a place of business at 500 Skokie Boulevard, Suite 585, Northbrook, Illinois 60062, whose business is licensing and enforcing patents.

20. Upon information and belief, Techsearch is the record owner of an exclusive license from VCode and Veritec, Inc., with respect to the Asserted Patents and has the right to sue for patent infringement thereof.

## FACTUAL BACKGROUND

21. The Asserted Patents and the patent applications relating thereto relate to an identification symbol and orientation border for identifying items on which the symbol is used, and a method for recognizing and decoding information represented by the symbol. Upon information and belief, these symbols are placed on the packaging of products and are purportedly used to identify the items contained in the packaging on which the symbol is used.

22. Upon information and belief, the Asserted Patents and/or the applications leading to the issuance of the Asserted Patents were assigned to Veritec, Inc. ("Veritec").

23. Upon information and belief, VData and VCode, which is a subsidiary of Veritec, were subsequently assigned all right, title and interest to the Asserted Patents.

24. On or about January 4, 2006, Hartz received a letter from Acacia, wherein Acacia states, *inter alia*, that in January 2005, it purchased VData, which controls the right to the '524 Patent. In that letter, Acacia also contends that Hartz's use of a symbol and/or system used for generating or reading the symbol infringes the '524 Patent.

## FIRST COUNT
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT

25.     Plaintiff repeats and re-alleges each allegation in paragraphs 1-24 as if set forth in full herein.

26.     An actual controversy has arisen and now exists between Hartz and Defendants concerning whether Hartz has infringed and is infringing the Asserted Patents.

27.     Hartz has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents.

28.     In particular, the manufacture, use, offer for sale and/or sale in the United States of packaging, as well as products disposed in packaging, with one or more symbols or matrices printed thereon do not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

29.     Hartz does not read a symbol or matrix in a manner which infringes, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

30.     Hartz does not contribute to the infringement of, or induce others to infringe, the claims of the Asserted Patents, nor has it ever done so.

31.     By virtue of the foregoing, Hartz desires a judicial determination of the parties' rights and duties with respect to the Asserted Patents.

32.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

33.   This is an exceptional case which will entitle Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

## SECOND COUNT
## DECLARATORY JUDGMENT OF PATENT INVALIDITY

34.   Plaintiff repeats and re-alleges each allegation in paragraphs 1-24 as if set forth in full herein.

35.   An actual controversy has arisen and now exists between Hartz and Defendants concerning whether the Asserted Patents are valid.

36.   One or more claims of each of the Asserted Patents are invalid for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or the rules, regulations and laws pertaining thereto.

37.   By virtue of the foregoing, Hartz desires a judicial determination of the parties' rights and duties with respect to the Asserted Patents.

38.   A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

39.   This is an exceptional case which will entitle Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

## THIRD COUNT
## DECLARATORY JUDGMENT OF PATENT UNENFORCEABILITY

40.   Plaintiff repeats and re-alleges each allegation in paragraphs 1-24 as if set forth in full herein.

41.    An actual controversy has arisen and now exists between Hartz and Defendants concerning whether the Asserted Patents are enforceable.

42.    Based on, *inter alia*, 37 C.F.R. §1.56, inventors, attorneys who prepare and prosecute patent applications and other individuals who are substantively involved in the preparation or prosecution of a patent application have a duty of candor and good faith and must disclose all information material to patentability of an invention to the United States Patent and Trademark Office ("Patent Office") during the prosecution of applications leading to issuance a patent.

43.    The '524 Patent resulted from a continuation application, Ser. No. 412,091, filed on March 28, 1995, which was a continuation of App. Ser. No. 08/239,932, filed May 9, 1994, which was a continuation of App. Ser. No. 08/097,629, filed July 27, 1993, which was a continuation of App. Ser. No. 07/892,409, filed June 1, 1992, which was a continuation of App. Ser. No. 07/423,000, filed Oct. 19, 1989, which was a continuation of App. Ser. No. 125,616, filed Nov. 25, 1987, which issued as the '078 Patent. A copy of the '524 Patent and the '078 Patent are attached hereto as Exhibit A and Exhibit B, respectively.

44.    The Asserted Patents and/or the applications which ultimately led to the issuance of the Asserted Patents were assigned to Veritec.

45.    Veritec's rights in the Asserted Patents were subsequently assigned to one or more of Defendants.

46.    Based on the inequitable conduct and/or fraud committed during
the prosecution of the patent applications that led to the issuance of the Asserted
Patents by those individuals who owed a duty of candor and good faith to the
Patent Office, the Asserted Patents are void and invalid.

47.    The applicants of the applications that led to the issuance of the
Asserted Patents, and/or their counsel, failed to meet the required duty of candor
and good faith by submitting misleading statements and by failing to disclose
relevant prior art during the prosecution of the application leading to the issuance
of the '078 Patent, and by failing to cure such inequitable and fraudulent conduct
during the prosecution of the application leading to the issuance of the '524
Patent.

48.    Upon information and belief, more than one year before the filing of
the application from which the Asserted Patents ultimately issued, the inventions
claimed in the Asserted Patents were described in printed publications including,
without limitation, a brochure published by Veritec, a paper by Patrick Dalton,
National Sales Manager of Veritec, an article in Automatic ID News and an article
in Newsweek Magazine.

49.    Upon information and belief, more than one year before the filing of
the application from which the Asserted Patents ultimately issued, the inventions
claimed in the Asserted Patents were in public use including, without limitation,
through public demonstrations at the Vision '86 Trade Show and at SCAN-TECH
'86.

50.    Upon information and belief, more than one year before the filing of the application from which the Asserted Patents ultimately issued, the inventions claimed in the Asserted Patents were offered for sale to many companies, including without limitation Scientific Games Inc., General Dynamics Corporation, Prime Automation, Step Products, SOS North America, Inc., Fisher Scientific, General Motors Corporation, Saturn Corporation, AT&T, Lawrence Livermore Laboratories, ER Squibb & Sons, Intel Corporation, General Signal Corporation, and Norton & Wright, Ltd.

51.    Upon information and belief, more than one year before the filing of the application from which the Asserted Patents ultimately issued, the inventions claimed in the Asserted Patents were sold to a company located in Yorkshire, England.

52.    Upon information and belief, during prosecution of the application leading to the '078 Patent, the applicants, through counsel, mischaracterized Veritec's commercialization activities regarding the offers for sale of the claimed invention, and mischaracterized the publication of the claimed invention in Newsweek Magazine.

53.    Upon information and belief, during the prosecution of a different application that led to the issuance of U.S. Patent No. 4,972,475 ("the '475 Patent"), applicants disclosed a prior sale which was made on or about October 10, 1986. Upon information and belief, this information was also provided in the context of the prosecution of the application that led to the issuance of the '078 Patent. Upon information and belief, during the prosecution of the '475 Patent,

the Examiner made an adverse finding that October 1986 sale could, in effect, trigger the on-sale bar under 35 U.S.C. § 102, but found that the sale was not deemed a statutory bar with respect to the application for the '475 Patent since the application was filed before the critical date. Notwithstanding the disclosure of the very same sale during prosecution of the application for the '078 Patent, applicants intentionally failed to disclose the Patent Office's adverse findings made by a different Examiner in the context of the application leading to the '475 Patent to the Examiner examining the application of the '078 Patent, in violation of the duty of candor and good faith.

54.    Upon information and belief, each of the events and activities set forth above were known to applicants and/or their attorneys, but were intentionally withheld from the Patent Office during prosecution of the '078 Patent, with an intent to deceive the Patent Office, in violation of the duty of candor, rendering the '078 Patent unenforceable.

55.    Based on the foregoing, the '078 patent was improperly issued on May 8, 1990.

56.    In 1992, Veritec filed suit (the "Veritec Suit") against International Data Matrix and others ("ID Matrix") for infringement of the '078 Patent, in United States District Court for the Middle District of Florida (Civil Action No. 92-1170, CIV-T-23B).

57.    During the Veritec Suit, ID Matrix filed two motions for summary judgment, one asserting invalidity of the claims of the '078 Patent based upon, *inter alia*, the events and activities set forth above, and the other based upon

inequitable conduct for failure to disclose such events and activities to the Patent Office, and for misrepresenting certain of those events and activities. Prior to the filing of any response by Veritec, the Veritec Suit was dismissed with prejudice pursuant to a Settlement Agreement dated May 6, 1994.

58. On November 17, 1995 during the prosecution of the application leading to the '524 Patent, applicants submitted purported copies of the two summary judgment motions to the Patent Office, simply stating that they were directed to the  unenforceability and invalidity the '078 Patent. The lawsuit was settled prior to any decision on the motions.

59. Thus, during the prosecution of the application leading to the '524 Patent, applicants failed, among other things, to expressly advise the Patent Office of the prior failure to disclose material prior art; to expressly advise the Patent Office where this failure occurred; to expressly advise the Patent Office of the known prior art and of the actual facts related thereto; to make it clear to the Patent Office that further examination of the pending claims was required if any Patent Office action had been based upon the omission; and to establish patentability of the claimed subject matter on the basis of a new and factually accurate record that reflected the known prior art and the actual facts related thereto.

60. The acts as set forth above render the Asserted Patents unenforceable.

61. By virtue of the foregoing, Hartz desires a judicial determination of the parties' rights and duties with respect to the Asserted Patents.

62.     A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

63.     This is an exceptional case which will entitle Plaintiff to an award of reasonable attorney fees under 35 U.S.C. § 285.

**WHEREFORE,** Plaintiff prays for the following relief against Defendants:

A.     For a declaration and judgment declaring that the Asserted Patents are not infringed by Plaintiff;

B.     For a declaration and judgment declaring that the Asserted Patents are invalid;

C.     For a declaration and judgment declaring that the Asserted Patents are unenforceable based on the inequitable conduct and/or fraud on the Patent Office committed by one or more of Defendants, their predecessors in interest and/or their attorneys;

D.     For a declaration and judgment declaring this case to be exceptional within the meaning of 35 U.S.C. § 285;

E.     For an award to Plaintiff of its costs, expenses and reasonable attorney fees as permitted by law; and

F.     For an award to Plaintiff for such other and further relief as the as the Court may deem just and proper.

Dated: January 26, 2006
    Newark, New Jersey

**SILLS CUMMIS EPSTEIN & GROSS P.C.**

By: _____
    John Carlson (JC-8183)
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel. (973) 643-7000
Fax (973) 643-6500

-and -

**GOTTLIEB, RACKMAN & REISMAN, P.C.**
Allen I. Rubenstein
Steven Stern
270 Madison Avenue
New York, New York 10016
Tel. (212) 684-3900
Fax (212) 684-3999

Attorneys for Plaintiff,
The Hartz Mountain Corporation